The argument is 2011-12-76 HOLLMER v. HARARI. May I please report? My name is Deanne Maynard and I represent the appellants. The Board erred in granting HARARI priority back to the filing date of the original parent application because there was no continuous chain of disclosure. Does your argument rest on our saying a different standard should apply here? In other words, that even though we applied the reasonable examiner standard in HARARI I, it's the person's guilt of the art in evaluating these two particular patents that it issued. Does your case rest on that? I think it would be a much harder case if one applied the reasonable examiner standards here, but I think that under this Court's Section 120 case law, you would still only look to the four corners of the application itself. And even under the reasonable examiner standard here, the two disputed applications, therefore, under the four corners of the applications do not unambiguously disclose that you incorporate the right documents. Do you think HARARI I turned on the presence of the clarifying amendment? I think, yes, I do. But there were two pieces to HARARI I. I mean, HARARI I was examining a new matter question and therefore was looking at it from the perspective of a reasonable examiner, and also thought the relevant inquiry was to compare the 880 application, which is the involved application, to the initial application in deciding whether or not there was new matter. And then also central to the analysis was the fact that the Court looked to the other documents that came along with the 880 application and decided in this context we're not going to hold it to new matter. I appreciate that. And I think I appreciate what you're arguing. There still seems to me to be some tension, is there not, between saying this Court has decided that this preliminary amendment was not new matter. In other words, it was kind of inherently already there. And you're asking us in this case to say the same language that was already in the 880 before the preliminary amendment, it's not inherently there for purposes of your case here. And there seems to me to be a tension between those two. Now, your answer is one's 132 and one's 120 and so forth. But could you do your best to alleviate me of the concern about what I feel is the tension between those two arguments? Well, I think two points to make. First is, I don't think that's the rationale of the first decision in HARARI I. I think the rationale is what I just explained to Judge O'Malley. But I think even if one reads it the way that you're saying, which is implicit in that, is that the 880 adds file without looking to the transmittal papers and without looking to the preliminary amendment, you know, did it add new matter, then which standard you apply, I think, is key. And it makes sense to apply the reasonable examiner standard when you're talking about the new matter question, because that's just an examiner's instruction. And as this Court recognized in HARARI I, it makes good sense to encourage applicants, while they still can, to make a clear disclosure. But here, this is a different question. In the Section 120 case law, this Court's very clear that it's judged not by a reasonable examiner. It's judged by a person of skill in the arts. And if we were to say that you were right and it was a person of skill in the arts standard, do we have to remand to the court for them to apply that standard? No, Your Honor, because I don't take the other side to argue that if you limit it to the four corners of the application, that it does adequately disclose. But, no, it's a question of law. Well, they do make some suggestion. They don't, as I read it, they didn't completely hammer down and say, yes, we went on the other standard. They suggest we probably would, or at least they suggest there's an open question, I think. Well, I think, if you want, I think you certainly could remand if you'd like. But I think it's a question of law that this Court could decide. And I think here, given that there were two applications, in the two disputed applications, filed on the same day as language, and the co-pending U.S. patent application actually pointed away from the right source document. And with respect to the, there were two applications that had the same inventors and the same titles that were actually co-pending on the same date as the 838 application. And so I think there's no way that it could meet this Court's standard of proper incorporation in the sense of leaving no ambiguity as to what, which document was intended to be referenced. And those, unlike in Veronica, these two applications, the disputed applications, issued as patents, would distill the incorrect language in them. So the person of reasonable feel in the art is the right standard to apply. And when one looks at the disclosures, one would be pointed away from the right source document. And that can't be sufficient under this Court's case law to be an adequate incorporation by reference. And therefore, there's no written description to satisfy 120. I mean, this is different than the new matter question. Because here they're trying to get the benefit of an earlier filing date. And in order to do that, each application in the chain, under this Court's case law and under the language of 120, requires that the disclosure unambiguously provide written description in each application individually considered under the person of reasonable feel in the art standard. And under this Court's case law, it doesn't. I mean, they're relying on an exception to an exception. And it shouldn't be loosely construed. So they, first they're relying on the exception by getting the, trying to get the benefit of an earlier filing date. And then they're relying on an exception that allows them not to expressly place content in their disclosures. Couldn't somebody with ordinary feel in the art research the applications and put it together? Well, under this Court's case law, and I point to Lockwood, Zenon, it's not a question of whether someone might be able to figure it out. It's a question of whether it's unambiguously disclosed. And it isn't. And so, you know, maybe somebody's feel in the art who has knowledge of patent procedures could find it. But I have clients who are small, you know, companies with engineers and no in-house lawyers, and no, I'm not sure that the average person with ordinary feel in the art could figure it out, especially when it actually points you to other applications, not the right application. And here, to the extent one thinks, well, this is kind of easy on these facts to figure it out. Somebody could figure it out. That actually cuts both ways. It's very easy for the patent applicant to put the right serial number in these two disputed applications and to make it clear. And that's where the burden should lie. What about their waiver argument? I mean, this case is a poster child for not doing, you know, cases piecemeal. And indeed, you know, for whatever reason, this Harari 1 came up with a different question, and now we've got the other two patents in the continuation. And I assume you understand their argument of waiver is that after Harari 1, you should have raised this with the board, all of the arguments you're making to us, and that you never made those arguments. You did not make those arguments to the board, and therefore, you've waived making them to us. Well, we did make these exact arguments to the board, citing this exact case, Pauline and Lockwood, when the case was originally briefed to the board. Before it came to us... But don't the arguments have a different flavor and a different emphasis based on Harari 1? I mean, we're all arguing here the application of Harari 1 and how it affects this case. You never had an opportunity, or the board never had an opportunity to hear your arguments about Harari 1 versus those initial arguments, because you never raised it with them before coming here on appeal. Well, the motion, there were two motions that were fully briefed before the board, before it came up here the first time. And the court, Harari's priority motion and our motion for unpatentability under Section 112. The board ruled for us on our Section 112 motion and therefore dismissed as moot their priority motion. So then, when it came to this court on appeal, the only question was whether or not, it was only the new matter in question, and it only involved the involved application, the 8-8-0. When this court ruled against us on that question, it went back to the board, and Harari's priority motion became relevant again and was still pending. In that motion, we briefed exactly these arguments. At A544 and 545 of the JA, you'll see that we have Lockwood's Z-9, in our original motion, all these same arguments. And no, Your Honor, I don't think arguments are waived based on a new precedent that then isn't discussed in the motion. The arguments are the arguments. And would I have made sense for you to request supplemental briefing to address the impact of Harari 1 on your other motion? It isn't clear under the rules, as we say in our reply, that we were entitled to do that. But even if we could have permissibly done that, I don't think it's required to preserve that argument for this court. The board certainly thought these arguments were before, and the board reached the argument, and the board reached the meaning of this court's decision in Harari 1. So nothing should foreclose this court from reaching them, and it would be – we have no case that required us to go back and ask for supplemental briefing on the effect of this court's previous decision, which we don't think touched the issue that is in our motion. We don't think this court's first decision – Yeah, but obviously, your friend on the other side has an opposite view, and it just seems a practical matter. The board may have benefited by the give and take between both of the parties in terms of the meaning of Harari 1. And they could have also sought supplemental briefing. They didn't. Before that ruling, it wasn't clear who was going to come out on that. So I don't think that this issue is in any sense waived. If I may save the remaining time for rebuttal, unless you have further questions. Thank you. Mr. Burdwell? Good morning. Good morning. May it please the court. Harari 1 flatly stated that it was deciding the question of whether there was proper identification for incorporation by reference based on the reasonable examiner's opinion. That is not a new decision. That case – Well, in fairness, Harari 1 was about whether or not there was new matter presented by this preliminary amendment. Those are not issues that are in play with respect to the two patents, the 838 and the 768 that are at issue here, correct? Your Honor, I respectfully disagree with you. Okay. The Harari 1 had to have been about whether there was proper incorporation of reference from the get-go, because you cannot determine whether there is new matter until you know what's actually in the specification. And so they really determine first, and they state that in the decision. They first decide before they go on and critique the board. They first determine that in fact the 579 was properly identified for incorporation by reference. Then they go on and critique the board's decision, including the board's decision that there was new matter. No new matter. Excuse me, there was new matter. So you can't decide whether there's new matter in an application until you know what's in the application to begin with. You try to amend an application with a preliminary amendment and insert some substantive information into the application that has to be compared to the body of the application. Particularly in this case when there was no declaration in the company. How do you deal with footnote 2 in Harari 1, where the court specifically distinguishes between circumstances where the court might be looking at an already issued patent? There the court specifically says that the standard would be one of ordinary skill in the art. No, I respectively disagree with you on that too, because it didn't make that decision. Those weren't the facts before the court in the situation. It simply said in the footnote this doesn't go to what would happen in the situation where you have an issued patent. That's a case for another day. And maybe the person of ordinary skill in the art standard would apply to identifying the actual document to be incorporated by reference under those circumstances. But that's not this case and this court has never decided that. This court has decided on numerous occasions when the question was what technical material from within a document was actually incorporated into the incorporating application or excuse me, the incorporating patent. It has decided that the person of ordinary skill in the art test would apply to that. It hasn't decided that it would apply to identification of the document. Well, these are issued patents we're talking about in this case, correct? In our case? Yes. Right? No, no, we're not really talking about issued patents. Two of the continuation applications ultimately issued, but we're not addressing the validity of those patents. We're talking about whether or not the 838 and the 768 should be part of the continuation, right? Those two are issued, correct, under different names, under different numbers, but they're issued patents, right? I beg to differ with you. We're talking about whether the continuity was maintained through the 838 and what was it, so applications. Not whether those patents that ultimately issued off those, the divisional and continuation application are valid patents. So, as long as this is in the patent office, as long as we're talking about patent applications in the patent office... Well, maybe we're using the same words for different things. What I'm saying we're talking about, the fact is that the two patents we are talking about now have issued. The two patent applications we're talking about ultimately issued as patents, but before either of them issued by patents, in the case of the first, the 838, a continuation application was filed. And before the, I think it's 760, issued as a patent, yet another continuation was filed. So, all we're talking about is maintenance of the continuity of disclosure through a series of patent applications, all of which amount to a continuing patent application. And Harari 1, in your view, was the preliminary amendment irrelevant, completely unnecessary to our result there and our analysis there? The only thing in the preliminary amendment that was relevant was the amendment which inserted the lineage of that patent application as required and allowed by Section 120 in order to get the benefit of Section 120. Beyond that, it had... I'm not sure I'm clear on what you're saying. Let me ask, maybe it's my question. What, if any, relevance did the fact that there was a preliminary amendment with regard to the 880 patent in the first Harari case have to the opinion there, to the analysis? In all of the applications in the chain of applications, as in 880, there was a preliminary amendment which stated that this was a divisional or a continuation of a divisional or a continuation of a continuation of a divisional or a continuation of a continuation of a continuation of a divisional of the 566 application. That is required and allowed by Section 120. And that's enough for any reasonable examiner to determine, along with the fact that the specifications that were filed were exact copies of the 566, that's absolutely enough for any reasonable examiner to identify what's being pointed to by the incorporation of a reference language. To the extent the preliminary amendment was relevant, the only part that was relevant was the insertion of that lineage which is required by Section 120. And that satisfies the public notice requirement. That's what Congress decided, that's what it put into Section 120, and that's what my client did. If we were to disagree with you on the standards and believe that the standard is one of ordinary skill in the art, would we then just say it doesn't meet that standard because the Board previously determined that it didn't, or would we have to remand? If you decide that, I think it's clear that it did meet the standard. I think that any person of ordinary skill in the art would be able to determine what that points to. Any person of ordinary skill in the art trying to interpret a patent document without talking to a patent attorney or learning something about the patent process probably couldn't often determine what's incorporated by reference. So any person of ordinary skill in the art who went to look at a patent issued off the 880 would probably consult with a patent attorney or call someone in the patent office to find out how you get to that reference. What about the argument that your opposing counsel makes that in Harare 1, you at least had the fact that there really were co-pending applications that were filed on the same day? And here, we use the language co-pending, and we use filed on the same day. Neither of those happens to be true, and then there were other applications that were co-pending. So wouldn't that actually lead even one of ordinary skill or even a patent examiner in the wrong direction? No. No patent, no reasonable patent examiner, no patent examiner skilled in examining patent applications would fail to understand what a continuation, what a divisional application is, what a continuation application is, and no reasonable patent examiner would fail to understand what a continuation application is, what a divisional application is, and go back and see that the incorporation by language, which was photocopied, and it was a copy, original copy, which is stated in all the applications, the examiner would know that, would know the lineage, so you go back to the 566 and see that the 566 is pointing to the only conceivable application, the only possible application, which would satisfy the incorporation by reference language, which was the 566. Well, you can see they were never co-pending though, right? Well, the 579 was not co-pending with the 880. It was not co-pending with the 838 or the 768 either. I honestly would have to check the record. I don't know who else, but I don't think it matters because it's not the fact that these applications were or were not co-pending on date the continuation applications were filed. The question is, was the 579 adequately identified by the statement that it was a photocopy of the 566 and the insertion of an amendment saying it was a division, continuation, and so forth, the lineage of the kind of application. That's totally enough to identify the 579. In response to Judge O'Malley a couple minutes ago on her question about whether or not there's a different result that's required here depending on whether or not we apply the reasonable examiner and the person skilled in the art. I can't find it in your brief now, but I think what you said was what you said in the brief, which was, yeah, a person skilled in the art would be able to do this because he could go and hire somebody who's familiar with patent procedures and figure out the examination. Does that really encompass when we use the person skilled in the art standard? Do you think that's a fair assessment of how we would construe one skilled in the art, somebody who knows what he knows and then can go out and hire somebody else to tell him how the patent office works? What I think is that the person having ordinary skill in the art standard was established for those things that a person having ordinary skill in the art would be suited to decide. A person having ordinary skill in the art would understand the technology, would understand the substance, what's being described, what the description is in a patent application. That standard arose out of cases where there was a question, for example, in one case the incorporation by reference statement said relevant portions of that patent document are hereby incorporated by reference. Well, a person having ordinary skill in the art, in that case, there was no question about the identification of the document they were talking about. But a person having skill in the art would be suitable to determine what in that document that was incorporated by reference is relevant to the disclosure of the application at issue. And so that's a sensible test when you're talking about the technical subject matter. It is not a sensible test when you're talking about patent office procedure like a patent application filed on the same date as the current application or even if the serial number and filing date had been placed in the 880. It's not a sensible question. It's not a sensible standard to have a person who's technically qualified to assess what's relevant technically in an incorporated reference to the current application. It's not sensible to have that person make the decision or understand patent office procedures and where to go even if he has a serial number and filing date of a patent application that had been filed many years ago. Well, I think Ms. Jaynard may agree with you on that point, which is why she thinks that it was incumbent upon these patents that are in play today to disclose the stuff explicitly and not to leave that ambiguity there. I mean, right. There has never been and there's no authority that you actually have to pull all the information in and put it in explicitly if you're talking about the actual substantive subject matter. In fact, the preliminary amendment did do that, but that was only because in the case of the 880 application, the applicant knew that the claims that they were going to insert for purposes of the interference would need to rely on the 579 application. In the case of the two applications that issued today, the 838 and 760, they issued, but the claims in those patents didn't need to rely on the 579 disclosure. They relied solely on what was disclosed in the 566 without the incorporation or reference of the 579, so there was no point in putting something in each patent. They didn't need to rely on the disclosure in the 579. The claims that were actually issued in those patents were fully supported by the 566 disclosure without the 579. If the 579 had never been inserted into the 566, those claims would still be supported by the 566, so there was no particular reason to specifically identify by serial number and filing date the 579 application in those two cases. Regardless, all of those applications are part of one continuing application in the patent office, and in the patent office, the person who does have the skill to figure out what the applicant is pointing to is a patent examiner. The patent examiner understands all the process in the patent office. And Section 37 CFR Section 157 recognizes that. In G157, G2, as the court in Ferrari 1 noted, it says, a correction to comply with this section is only permitted for material that is sufficiently described to uniquely identify the document. So the examiner had to have made a decision in this case that there was enough information in all of these continuations to uniquely identify the document, which is true. And only with that in mind could additional information be added by the preliminary amendment identifying the document. That's what Ferrari 1 recognized, and that's what Ferrari 1 decided. Anything further? A few seconds. That's it. Well, let me just look around. The clock is running as you're looking. Oh, OK. Almost out of time. I can't reserve time, can I? No. No. All right. Thank you very much. Thank you. Ms. Maynard, you've got a little over five minutes left. Thank you, Your Honor. Ferrari does not argue here today that Section 120 is ratified if the person with ordinary skill and the arts standard applies. And that is the standard that applies under Section 120. Section 120 is a statute. The statutory language means the same, whether you're talking about an interference proceeding, whether you're talking about whether it's still in the Patent Office under prosecution, whether you're talking about whether it's in litigation. And that's why this court applies it in all of those contexts. In Lockwood, you applied it in litigation. In Faulkner, and Eiselstein, and Wagner, you applied it in interference proceedings. And in Daniels and Aradziszewski, you applied it to original prosecution. You applied the person with reasonable skill and the arts standard based on the four corners of the application, the disclosure, not the transmittal. Here, the two disputed applications, the 838 and the 768, were never amended to include language that they were photocopies of the original parent or to identify with specificity the 579, even though that would have been his argument that he, I think, makes for the first time here today, that the 579s didn't need to be incorporated into those applications, that those applications were relying on their entirety on the 566. That may be relevant if the validity of those two issued patents were of issue, but the question here is whether the scope of the subject matter that they need for continuity for the 880 application is in each of the applications going back. In fact, that suggests why they didn't make it clear because they didn't think they needed it, but it actually cuts in our favor because it suggests that they didn't incorporate it. So, but it needed to be incorporated. And we couldn't have two different, construe a patent differently for purposes of litigation versus purposes of continuation, correct? No, Your Honor. The Section 120 standard is going to apply in the same way, and the language of the statute requires that each application from which priority is claimed meet 112 and meet the written disclosure requirement. So, those patents may be sufficient as issued to support the claims that are in those patents, but the disclosures of those patents are not sufficient for today's purposes, which requires that there be continuity in the chain, in every, each and every application in the chain, and they cut off priority. So, Judge O'Malley, may I just make one point to Judge Crow's question and one point to Judge O'Malley? You asked me, didn't the decision that inherently, the 566 inherently disclosed the 579, but that's a different question because then you're looking at the application, the 566 itself was filed at the same time, it was co-painted. No, I meant, my question was whether or not the 880 in that case, kind of, that they were inherently disclosed, the 579. And I don't think you found that. I think you found that the 566 inherently encompassed the 579, and then you compared the looking at all the documents to whether there was new matter. And then, Judge O'Malley, you asked a question about whether or not there's a need to remand, and I don't think you need to remand because I think we know from the Board's first decision that they believe a person of ordinary skill in the arts would not, would see it our way. And so, we ask that you reverse the decision of the Board and remand with instructions to give them a priority date, which I'm not finding at the moment, but it's in the last page of our brief. Thank you very much. Thank you. We thank both parties for cases submitted.